UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICAH DWAYNE PERRYMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:05-CV-0237 AS |
| | ) |
| BRIAN SCHROTH, DENNIS RUSSELL, | ) |
| DAVID BASKINS, and STEVE MOCK, | ) |
| | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Micah Perryman, a prisoner committed to the Indiana Department of Correction, submitted a complaint under 42 U.S.C. § 1983, alleging that Elkhart city police officers violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Perryman brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In 2003, the defendants searched Mr. Perryman's home pursuant to a search warrant and found drugs. Charges were filed against Mr. Perryman, he was convicted of these charges, and he is currently serving a commitment to the Indiana Department of Correction based on these charges. Mr. Perryman alleges that the search warrant was based on "an affidavit containing hearsay within hearsay" (Complaint at p. 3), and was not valid. He also alleges that he was not home when the officers searched his home and that he "had no connections to drugs found, or placed in [his] home." (Complaint at p. 4).

Mr. Perryman alleges that he was arrested, prosecuted, and convicted of charges of which he is innocent, and he seeks damages from the defendants for providing the evidence that led to his conviction. This claim runs afoul of Heck v. Humphrey, 512 U.S.

477 (1994). Under *Heck*, if the remedy sought under § 1983 would require a finding or judgment that would render a conviction or sentence invalid, the § 1983 plaintiff must first "prove that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Habeas corpus is the exclusive remedy for a state prisoner who seeks to prove that he is innocent of the charges of which he has been convicted. *Id.* at 481, *citing Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). To conclude that Mr. Perryman is entitled to damages from the defendants because he was arrested, prosecuted, and convicted for a crime of which he is innocent would require a finding or judgment that he is innocent. Accordingly, Mr. Perryman must have his conviction set aside before he can seek damages from the defendants. If Mr. Perryman is able to have his conviction set aside, he may file another complaint in this court seeking damages on this claim.

For the foregoing reasons, the court **DISMISSES** the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1) without prejudice to his right to refile this claim if he is able to have his conviction set aside.

**IT IS SO ORDERED.**

**ENTERED**: August 16 , 2005

                                                       **S/ ALLEN SHARP**
                                            **ALLEN SHARP, JUDGE**
                                            **UNITED STATES DISTRICT COURT**